IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MANUEL C. ANAYA

      Plaintiff,

    vs.                                                     No. CIV 04-693 JEC/WDS

RAYMOND RAMIREZ, HARTFORD INSURANCE COMPANY,
properly named as TWIN CITY FIRE INSURANCE COMPANY,
THE ST. PAUL COMPANIES, properly named as
THE ST. PAUL FIRE AND MARINE INSURANCE COMPANY,
ORAN MEANS AND JOHN DOES 1,2,3,4, AND 5 AND
OTHER UNKNOWN PERSONS, CORPORATIONS,
LIMITED PARTNERS, INSURERS AND ENTITIES,

      Defendants.

**MEMORANDUM OPINION AND ORDER**

THIS MATTER comes before the Court on *Plaintiff's Motion to Remand*, filed July 13, 2004 (*Doc. 11*); *Defendants' Motion to Dismiss Defendants Ramirez and Means*, filed July 19, 2004 (*Doc. 13)*; and *Oran Means' Motion to Dismiss*, filed July 26, 2004 (*Doc. 15)*. Having reviewed the motions, memoranda, the relevant authority, and being otherwise fully advised, the Court finds Plaintiff's Motion to Remand (*Doc. 11*) not well-taken and it is, therefore, DENIED. The Court further finds Defendants' Motion to Dismiss Defendants Ramirez and Means (*Doc. 13*) well-taken as to Defendant Ramirez and it is, therefore, GRANTED as to Defendant Ramirez. Finally, the Court finds Oral Means' Motion to Dismiss (*Doc. 15*) moot.

**1.**    **Background**

This case arises from a dispute regarding the scope of uninsured motorists coverage afforded by two insurance policies: (1) a personal auto insurance policy sold by agent Defendant Means and

issued by Defendant Hartford Insurance Company, properly named herein as Twin City Fire Insurance Company ("Twin City"), to Plaintiff Anaya; and (2) commercial business automobile coverage, with insured self retention, issued by St. Paul Fire and Marine Company ("St. Paul") to its insured (and Plaintiff's employer), Southwest Public Service Company ("Southwest").

Plaintiff and Ramirez were involved in an auto accident in 1998. Ramirez was an uninsured motorist and was determined to be at fault. At the time of the accident, Plaintiff was operating his employer's vehicle while in the scope of his employment. Pursuant to the accident, Plaintiff obtained a Default Judgment in the amount of $708,599 against Ramirez. In that underlying action, Plaintiff sought permission from his personal insurer, Hartford Insurance Company, to pursue the claim against Ramirez. Twin City declined to give permission and represented that it would intervene but failed to do so.[1]

On May 12, 2004, Plaintiff filed the instant case in state court against all Defendants but Means. On May 18, 2004, Plaintiff filed his First Amended Complaint, adding Means as Defendant. Defendants subsequently filed a timely Notice of Removal on June 18, 2004 (*Doc. 1*). Plaintiff, Means and Ramirez are all citizens of New Mexico and diversity is incomplete absent dismissal of Means and Ramirez. Further, Ramirez, who was not served at the time of removal, did not sign or approve.

Plaintiff presently seeks remand on two grounds: (1) incomplete diversity; and (2) Defendants' failure to obtain removal signatures from all Defendants. Defendants request that the

---

[1] Defendant St. Paul received no notice of the underlying action and did not intervene therein. In St. Paul's Motion to Dismiss or, in the Alternative, Motion for Summary Judgment, filed June 25, 2004 (*Doc. 6*), which the Court will resolve in a separate memorandum opinion and order, St. Paul seeks judgment in its favor absolving it of liability for the underlying default judgment.

Court deny remand and dismiss Defendants Means and Ramirez from the action for fraudulent joinder.

While in the process of drafting this Memorandum Opinion and Order, the Court received Plaintiff's Stipulation of Dismissal, in which Plaintiff voluntarily dismisses his claims against Defendant Oran Means with prejudice pursuant to Fed.R.Civ.P. 41(a)(1). Accordingly, the Court entered an Order dismissing Means and his status as Defendant is no longer at issue in the case.

## II.     Legal Standard

The district courts of the United States generally have original jurisdiction over all civil actions where the amount in controversy exceeds $75,000 and the action is between citizens of different states. 28 U.S.C. § 1332. Complete diversity between a plaintiff and all defendants is required in order for a federal court to exercise diversity of citizenship subject matter jurisdiction. *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267 (1806); *Harris v. Illinois-California Exp., Inc.*, 687 F.2d 1361, 1366 (10th Cir. 1982). "If at any time before final judgment, it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Federal removal jurisdiction is statutory in nature and must be strictly construed. *Shamrock Oil and Gas v. Sheets,* 313 U.S. 100, 108 (1941). Further, there is a presumption against removal jurisdiction, and doubts must be resolved in favor of remand. *Laughlin v. K Mart Corp.*, 50 F. 3d 871, 873 (10th Cir. 1995). Moreover, a removing defendant has the burden of proving all jurisdictional facts and of establishing the right of removal. *Id.*; *Chavez v. Kinkaid,* 15 F. Supp. 2d 1118, 1119 (D. N.M.1998); *Karnes v. Boeing Co.,* 335 F. 3d 1189, 1195 (10th Cir. 2003). A defendant may remove cases filed in state court only if plaintiff originally could have filed suit in federal court. 28 U.S.C. § 1441(a).

## III.    Discussion

As a preliminary matter, Plaintiff filed untimely responses to both Twin City's and Oran Means' Motions. Defendants ask the Court to disregard Plaintiff's responses and treat the Motions as unopposed. The Court has discretion to consider the untimely responses and notes the Tenth Circuit's position that summary judgment in favor of defendant should not be granted *merely* because a party fails to file a response to a summary judgment motion. *Reed v. Bennett*, 312 F. 3d 1190, 1194-95 (10th Cir. 2002) (emphasis added). Here, the Court finds no prejudice to Defendants as a result of Plaintiff's untimely responses. Thus, notwithstanding Local Rule 7.1(b), the Court has considered Plaintiff's responses in making its determinations.

*Fraudulent Joinder*

Turning to the issue of fraudulent joinder, the right of removal cannot be defeated by fraudulent joinder of a resident defendant having no real connection with the controversy. *Wilson v. Republic Iron & Steele Co.*, 257 U.S. 92, 97 (1921). Fraudulent joinder is a term of art; it does not reflect on the integrity of the plaintiff or counsel, but rather exists regardless of the plaintiff's motives when the circumstances do not offer any other justifiable reason for joining the defendant. *Chilton Private Bank v. Norsec-Cook, Inc.*, 99 B.R. 402, 403 (N.D. Ill. 1989). A non-diverse party is fraudulently joined when no cause of action is pleaded against him, or against whom there is in fact no cause of action. *Roe v. Gen. Am. Life Ins. Co.*, 712 F. 2d 450, 452 (10th Cir. 1983). To prove fraudulent joinder, the removing party must demonstrate that there is no possibility that plaintiff would be able to establish a cause of action against the joined party in state court. *Montano v. Allstate Indem.,* 211 F. 3d 1278, (10th Cir. 2000).

The removing party asserting fraudulent joinder must plead such claim with certainty. *Couch v. Astec Industries, Inc.,* 71 F. Supp. 2d 1145, 1147 (D.N. M.1999) (citing *McLeod v. Cities Service*

4

*Gas Co.*, 233 F. 2d 242, 246 (10th Cir. 1956)). The burden is heavy and the party must show by clear and convincing evidence that fraudulent joinder has occurred. *Smith v. Blockbuster Entertainment Corp.*, 100 F. 3d 878, 880 (10th Cir. 1967). When analyzing an issue of fraudulent joinder, a court can look beyond the pleadings. *Smoot v. Chicago, R.I. & P.R. Co.*, 378 F. 2d 879, 880 (10th Cir.1967) (citing *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (1921)). In so doing, it will interpret factual allegations in affidavits and deposition transcripts in the light most favorable to plaintiff's case, resolving all contested issues of substantive fact in favor of plaintiff. *Smoot v. Chicago, R.I. & P.R. Co.*, 378 F. 2d 879, 880 (10th Cir.1967) (citing *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (1921)); *See also B., Inc. v. Miller Brewing Co.*, 663 F. 2d 545, 549-550 (5th Cir. 1981). If there is "a glimmer of hope" that plaintiff can establish a claim against the non-diverse defendant, the Court is precluded from finding fraudulent joinder. *Mayes v. Rapaport,* 198 F. 3d 457, 463-64, 466 (4th Cir. 1999).

Defendants contend the Court enjoys diversity jurisdiction in this case because Plaintiff is a citizen of New Mexico and Defendant insurers are citizens of Indiana (Twin City) and Minnesota (St. Paul). Defendants acknowledge that Ramirez is a New Mexico citizen, but contend he is properly dismissed as fraudulently joined to destroy the Court's diversity jurisdiction.

Count I of Plaintiff's First Amended Complaint details the underlying auto tort facts and circumstances giving rise to the default judgment entered against Ramirez. Count II alleges Unfair Trade Practices/Bad Faith against Hartford for failure to satisfy the Ramirez default judgment. Notwithstanding the fact that Ramirez was an uninsured motorist and is the Defendant against whom Plaintiff obtained the underlying default judgment, Ramirez has no real connection with this case. It is well-settled that Plaintiff is prohibited from relitigating the underlying automobile tort against

5

Ramirez because the default judgment is a final judgment, not subject to collateral attack by any party, including Plaintiff. *Royal Int'l. Optical Co. v. Texas State Optical Co.* 92 N.M. 237 (Ct. App. 1978).[2] In addition, Plaintiff has failed to state any additional claim against Ramirez in his First Amended Complaint or to provide any sworn testimony supplementing the allegations in the Complaint. Therefore, there is no possibility that Plaintiff could establish a second cause of action against Ramirez arising out of the same incident. For these reasons, the Court finds, by clear and convincing evidence, that Ramirez was fraudulently joined to defeat diversity jurisdiction.

*Removal Signatures*

Plaintiff also seeks remand for failure of all Defendants to sign the removal petition. St. Paul (and Means) transmitted approval by e-mail. Ramirez failed to approve or sign. Generally, removal to federal court requires unanimity among all defendants. *Cohen v. Hoard,* 696 F. Supp.564 (D. Kan. 1988). Exceptions are made for nominal or fraudulently named defendants, or defendants who were not served at the time of the removal. *First National Bank & Trust Co. v. Nicholas,* 768 F. Supp.788 (D. Kan.1991). Here, all Defendants save Ramirez consented to removal. Ramirez was not required to sign, however, because he was not served at the time of removal and was fraudulently joined as determined above. Therefore, the Court declines to remand the case on defective removal grounds.

### IV. Conclusion

In summary, Plaintiff has failed to raise any evidence showing a glimmer of hope that Plaintiff might establish a claim against Defendant Ramirez and Ramirez is, therefore, not a proper Defendant

---

[2] "The general rule is that a judgment is not subject to collateral attack where the court had jurisdiction of the subject matter and of the parties. . . ." 46 Am. Jur. 2d. Judgments § 621 (1969). " [I]t [the judgment] is not open to contradiction or impeachment, in respect of its validity, veracity, or binding effect, by parties or privies, in any collateral action or proceeding, except. . . for fraud in its procurement." 49 C.J.S. Judgments § 401 (1947).

6

to this action. On the record before it, the Court finds that Ramirez was fraudulently joined to defeat diversity of citizenship subject matter jurisdiction in this Court. The Court further finds that all Defendants, save Ramirez, properly approved the removal documents as required and that Ramirez' signature was not required given the lack of service and fraudulent joinder.

WHEREFORE,

**IT IS ORDERED** that Plaintiff's Motion to Remand, filed July 13, 2004 (*Doc. 11)*, is DENIED.

**IT IS FURTHER ORDERED** that Defendants' Motion to Dismiss Means and Ramirez, filed July 19, 2004 (*Doc.13* ), is GRANTED IN PART as to Defendant Ramirez and DENIED IN PART as moot as to Defendant Means.

**IT IS FINALLY ORDERED** that Oran Means' Motion to Dismiss, filed July 26, 2004 (*Doc. 15*), is DENIED as moot.

DATED January 20, 2005.

_____
SENIOR UNITED STATES DISTRICT JUDGE

Counsel for Plaintiff:

> Victor S. Lopez, Esq.
> 233 High St., NE
> Albuquerque, NM  87102
> (505) 243-2454

Counsel for Defendant Oran Means:

>Lara L. White, Esq.
>BUTKAS, GAY & JAYNER, P.C.
>P.O. Box 20
>Albuquerque, NM 87103-0020

Counsel for Defendant Twin City Fire Insurance Company:

>Mark J. Riley, Esq.
>Courtney L. Keller, Esq.
>RILEY, SHANE & HALE, P.A.
>4101 Indian School Rd. NE, Suite 420
>Albuquerque, NM 87110
>(505) 883-5030

Counsel for Defendant St. Paul Fire and Marine:

>Seth V. Bingham, Esq.
>Jennifer L. Olson, Esq.
>MILLER STRATVERT, P.A.
>300 West Arrington, Suite 300
>P.O. Box 869
>Farmington, NM 87499-0869
>(505) 326-4521

Defendant Raymond Ramirez:

>412 S. Mesquite
>Carlsbad, NM 88220