IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MANUEL C. ANAYA,

    Plaintiff,

    vs.                                            No. CIV 04-693 JEC/WDS

RAYMOND RAMIREZ, HARTFORD INSURANCE COMPANY,
properly named as TWIN CITY FIRE INSURANCE COMPANY,
THE ST. PAUL COMPANIES, properly named as
THE ST. PAUL FIRE AND MARINE INSURANCE COMPANY,
ORAN MEANS AND JOHN DOES 1,2,3,4, AND 5 AND
OTHER UNKNOWN PERSONS, CORPORATIONS,
LIMITED PARTNERS, INSURERS AND ENTITIES,

    Defendants.

**MEMORANDUM OPINION AND ORDER**

THIS MATTER comes before the Court on *St. Paul's Motion to Dismiss or, in the Alternative, Motion for Summary Judgment*, filed June 25, 2004 (*Doc. 6*). Having considered the Motion, the parties' submissions, the relevant authority, and being otherwise fully advised, the Court denies St. Paul's request for dismissal at this time and grants St. Paul's alternative requested relief in the form of declaratory judgment as discussed below.

**I.**    **Background**

This action arises from a dispute regarding the scope of uninsured motorist coverage afforded by two insurance policies: (1) a personal automobile insurance policy issued by Defendant Hartford Insurance Company, properly named as Twin City Fire Insurance Company ("Twin City"), to Plaintiff; and (2) commercial business automobile coverage, with insured self-retention, issued by St. Paul Fire and Marine Company ("St. Paul") to its insured, Southwest Public Service Company

("Southwest").

Plaintiff and uninsured motorist Raymond Ramirez were involved in a collision in 1998 while Plaintiff was operating a vehicle belonging to his employer, Southwest. Ramirez was determined to be at fault in the accident. Plaintiff subsequently obtained a Default Judgment in the amount of $708,599. against Ramirez in a case styled *Anaya v. Ramirez*, No. CV-2001-413. Mot., Exs. A, B. Defendant St. Paul, unlike Defendant Twin City, received no notice of that underlying action until after the Default Judgment was entered.

A parallel case to this one, styled *Twin City Fire Ins. v. Anaya*, No. CV 04-0529MV/LC, was filed in this Court and voluntarily dismissed by consent of the parties upon agreement that the issues in that matter were more appropriately resolved in the instant action, which was removed from state court. In that case, Twin City sought declaratory judgment identifying any responsibility on its part for payment of the Default Judgment, or any portion thereof, against Ramirez. In her Stipulated Order of Dismissal Without Prejudice in No. CV 04-0529MV/LC, filed September 9, 2004 (*Doc. 20*), Judge Vasquez noted Anaya's "intent to amend his claims in the aforementioned parallel proceeding." To date, Plaintiff Anaya has failed to amend his complaint in this case as contemplated by Judge Vasquez' Order.

**II.   Legal Standard**

It is settled that a complaint "should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Scheuer v. Rhodes*, 416 U.S. 232, 236. "The Court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief might be

2

granted." *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003) (quoting *Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir.1991)). The issue in reviewing the sufficiency of a complaint is not whether a plaintiff will ultimately prevail, but whether the claimant is entitled to offer evidence to support the claims. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). In considering a motion to dismiss, "the district court may consider documents referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity." *Jacobson v. Deseret Book Co.*, 287 F.3d 936, 941 (10th Cir. 2002).

Regarding Rule 56(c), a party is entitled to summary judgment on all or any part of a claim as to which there is no genuine issue of material fact and as to which the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). The moving party has the initial burden of showing that there is no genuine issue of material fact. *Id.* at 256. The movant may discharge this burden by pointing out the absence of evidence to support one or more essential elements of the non-moving party's claim "since a complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial." *Celotex Corp. v. Catrett,* 477 U.S. 317, 323-25 (1986). Once the moving party has carried its burden under Rule 56(c), the non-moving party must do more than merely show that there is some metaphysical doubt as to the material facts. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). The party opposing the motion may not rest on mere allegations or denials of pleading, but must set forth specific facts showing a genuine issue for trial. *Anderson,* 477 U.S. at 248, 256. To meet this burden, the non-movant must specify evidence in the record and demonstrate the precise manner in which that evidence supports its claims. *Gross v. Burggraf*, 53 F.3d 1531, 1546 (10th Cir. 1995). An issue is material only if its resolution could affect

the outcome of the action. *Anderson*, 477 U.S. at 248.

### III.    Discussion

St. Paul asserts that dismissal is proper, for Plaintiff's Complaint fails as a matter of law insofar as it seeks to bind St. Paul to a default judgment against Ramirez to which St. Paul was not a party. Indeed, due process requires sufficient notice and opportunity to be heard before a party can be bound by a default judgment. *Burge v. Mid-continent Casualty Company*, 123 N.M. 1 (1997). Further, the *Burge* court stated that even "a defaulting party admits only to the liability aspect of the complaint, thus reserving for the damages hearing a determination of damages in accordance with the application of comparative negligence and apportionment of damages under *Scott v. Rizzo*, 96 N.M. 682 (1981) and *Bartlett v. New Mexico Welding Supply, Inc.*, 98 N.M. 152 (Ct. App.   )...." and that "what must be determined after the entry of default is the dollar amount of the damages suffered by the injured party and the portion of those damages to be awarded against the defaulting party based upon the extent of its percentage of negligence." *Id.* at 8.

Clearly, absent a determination of liability in which St. Paul has an opportunity to be heard and to defend, no determination of damages or comparative fault against St. Paul is obtainable. In that vein, the Court finds that because St. Paul lacked notice and opportunity to intervene in the underlying proceeding giving rise to the Default Judgment against Ramirez, St. Paul is not bound by that Judgment. The Court further finds that the present action provides the means by which St. Paul may have its day in court to litigate all issues of liability, damages and comparative fault, provided Plaintiff properly amends his Complaint within fifteen (15) days of entry of this judgment to include all claims against St. Paul. If Plaintiff fails to amend, the Court will promptly enter an order dismissing St. Paul from this action.

WHEREFORE,

**IT IS ORDERED** that Defendant *St. Paul's Motion to Dismiss or, in the Alternative, Motion for Summary Judgment*, filed June 25, 2004 (*Doc. 6)* is denied.

**IT IS FURTHER ORDERED** that Defendant St. Paul is not bound by the Default Judgment entered against Raymond Ramirez in *Anaya v. Ramirez*, No. CV-2001-413, Fifth Judicial District Court, County of Eddy, State of New Mexico;

**IT IS FURTHER ORDERED** that to avoid dismissal of St. Paul from this action, Plaintiff must properly amend his Complaint to include any and all claims in this matter within fifteen (15) days of entry of this Order;

**IT IS FINALLY ORDERED** that the parties shall engage in discovery pertaining to all issues of liability relating to St. Paul and damages, including comparative fault in the underlying tort case against Raymond Ramirez.

Dated this 17th day of February, 2005.

_____
SENIOR UNITED STATES DISTRICT JUDGE

Attorney for Plaintiff:

>Victor S. Lopez, Esq.
>Albuquerque, New Mexico

Attorneys for Defendant Twin City:

>Mark K. Riley, Esq.
>Courtney L. Keller, Esq.
>Riley, Shane & Hale, P.A.
>Albuquerque, New Mexico

Attorneys for Defendant St. Paul:

>Seth V. Bingham, Esq.
>Jennifer L. Olson, Esq.
>Miller Stratvert, P.A.
>Albuquerque, New Mexico

Counsel for Defendant Oran Means:

>Lara L. White, Esq.
>Butkas, Gay & Jayner, P.C.

Defendant Raymond Ramirez:

>412 S. Mesquite
>Carlsbad, New Mexico